UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

**Leonel Andres Sinecio Martinez**

    Petitioner

    v.                    **Civil Action No. 25-cv-10315-NMG**

**Patricia Hyde, et al**

    Respondents

**ORDER CONCERNING SERVICE OF PETITION**

**AND STAY OF TRANSFER OR REMOVAL**

**GORTON, J.**

Petitioner Leonel Andres Sinecio Martinez has filed a petition for a writ of habeas corpus seeking his/her release form custody.

Upon review of the petition, the Court hereby directs and orders as follows.

1. **Service of Petition**

The clerk of this court shall serve a copy of the petition upon respondents and the United States Attorney for the District of Massachusetts.

In order to ensure that the relevant government officials have notice of this Order, the Clerk of Court is directed to serve a coy of this order on the United States Attorney for the District of Massachusetts by attaching it to an e-mail sent to her government e-mail address.

2. **Response to Petition**

Respondents shall answer or otherwise respond to the petition no later than <u>Wednesday, October 22, 2025 at 5:00 p.m.</u>

3. <u>Jurisdiction</u>

Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (the "Petition"), contending that he is being unlawfully confined in violation of the Constitution and laws of the United States.

The protections of the Constitution apply to all persons within the jurisdiction of the United States, including citizens and non-citizens alike, and including those persons who are present in the United States without authorization. See Plyler v. Doe, 457 U.S. 202, 210 (1982) (noting that "[a]liens, even aliens whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments").

Although a federal district court does not generally have subject-matter jurisdiction to review orders of removal issued by an immigration court, see 8 U.S.C. § 1252(a)(1), (g), it does, however, have jurisdiction over habeas petitions. 28 U.S.C. § 2241(a); see U.S. CONST. art. I, § 9, cl. 2 (providing that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it").

Here, it appears that the relief sought is not review of an immigration order or an injunction or stay preventing the execution of such an order. Instead, the Petition alleges that the petitioner was subject to arrest and detention (and prospective removal) in violation of the Constitution and laws of the United States. The Court therefore has subject-matter jurisdiction to consider the petition under 28 U.S.C. § 2241(a).

4. <u>Order</u>

In order to provide an opportunity for a fair and orderly consideration of this matter and resolve any contested issues about jurisdiction, and unless otherwise ordered by the Court, it is hereby ORDERED as follows:

    a. <u>Stay of Transfer or Removal</u>

The petition alleges that petitioner is being held in the District of Massachusetts. Petitioner shall not be transferred to another district unless the government provides advance notice of the

intended move. Such notice shall be filed in writing on the docket in this proceeding and shall state the reason why the government believes that such a movement is necessary and should not be stayed pending further court proceedings. Once that notice has been docketed, the petitioner shall not be moved out of the District for a period of at least 72 hours from the time of that docketing.

If the government contests that petitioner is presently confined in the District of Massachusetts, the government shall file a notice in writing on the docket stating the name of the facility in which petitioner is confined. Such notice shall be provided as soon as the government becomes aware of that fact. Petitioner shall not be deported, removed, or otherwise transferred outside the United States until further Order of this Court.

    b.  **Measurement of Time Periods**

If either of the time periods stated in hours "would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(2)(C).

Any of the time periods may be shortened or extended as may be appropriate by further order of the Court.

**So Ordered.**

                                                                             /s/ Nathaniel M. Gorton
                                                                             Nathaniel M. Gorton
                                                                             Senior United States District Judge

Issued at Boston, Massachusetts

October 17, 2025

9:08 a.m.