United States District Court

District of Massachusetts

|  |  |
|---|---|
| Leonel Andres Sinecio Martinez,<br><br>　　　　Petitioner,<br><br>　　　v.<br><br>Patricia Hyde, et al.,<br><br>　　　　Respondents. | Civil Action No.<br>25-13035-NMG |

MEMORANDUM & ORDER

GORTON, J.

In his petition for writ of habeas corpus (Docket No. 1), petitioner Leonel Andres Sinecio Martinez ("petitioner" or "Martinez") claims that Patricia Hyde and other named respondents ("respondents") have violated his due process rights by detaining him without a bond hearing, to which he claims entitlement under 8 U.S.C. §1226 ("§1226"). Respondents reply that petitioner is lawfully detained under 8 U.S.C. §1231 ("§1231"). For the reasons that follow, the petition will be **DENIED**.

I.  Facts

Petitioner is a native of El Salvador. He first entered the United States in February, 2016. He was apprehended by U.S.

Border Patrol ("USBP") while crossing the southern border and was detained pursuant to 8 U.S.C. §1225. He later claimed a fear of return to El Salvador and was referred to the United States Citizenship and Immigration Services ("USCIS") for a credible fear interview. USCIS determined Martinez did not present a credible fear of persecution or torture in El Salvador. He was removed from the United States in May, 2016.

On September 22, 2016, petitioner re-entered the United States at a place which was not a port of entry. He was again apprehended by USBP and was issued a Form I-871, Notice of Intent/Decision to Reinstate Prior Order. On September 24, 2016, petitioner was released on an Order of Supervision ("OSUP").

In October, 2025, during a routine check-in, ICE revoked petitioner's OSUP after determining that there were changed circumstances such that there is a significant likelihood of removal in the reasonably foreseeable future. ICE detained petitioner pursuant to §1231 and transferred him to Plymouth County Correctional Facility. On November 8, 2025, ICE received a valid travel document for petitioner to be removed from the United States to El Salvador and, on the same day, ICE referred Martinez to USCIS for a reasonable fear interview. On November 25, 2025, USCIS notified petitioner of its determination that he did not have a reasonable fear and petitioner requested a review

of that finding by an Immigration Judge. Proceedings in Immigration Court for the reasonable fear interview were recently initiated.

## II. Legal Standard

The detention of aliens pending removal proceedings is governed by either 8 U.S.C. §1225 or §1226. Section 1225 applies to aliens who have not effected an entry while §1226 covers aliens who have been residing in the United States. The latter provides for a bond hearing while the former does not.

The detention of aliens who have been ordered removed, on the other hand, is governed by §1231. That statutory provision specifically contemplates an expedited removal procedure for aliens who illegally reenter the country after previously having been removed under an order of removal. In such cases, the prior order of removal is reinstated as of its original date and is not subject to being reopened or reviewed. §1231(a)(5). The alien is removable under the reinstated order at any time after the reentry. Id.

Under §1231, ICE may release the alien on an OSUP should it find that: (1) travel documents for the alien are not available or, in the opinion of the agency, immediate removal is not practicable or in the public interest; (2) the detainee is presently non-violent and likely to remain nonviolent if released; (3) the detainee is not likely to pose a threat to the

community if released; (4) the detainee is not likely to violate the conditions of release, and (5) the detainee does not pose a significant flight risk if released. 8 C.F.R. §241.4(e). An OSUP may also be issued where ICE determines, pursuant to 8 C.F.R. §241.13, that there is no significant likelihood that an alien under a final order of removal can be removed in the reasonably foreseeable future.

ICE may revoke an OSUP at the discretion of the revoking official when (1) the purposes of release have been served; (2) the alien violates any condition of release; (3) it is appropriate to enforce a removal order or commence removal proceedings, or (4) the conduct of the alien, or any other circumstance, indicates that release is no longer appropriate. 8 C.F.R. §241.4(l)(2). If the OSUP was issued pursuant to 8 C.F.R. §241.13, however, to revoke it, ICE must determine that, based on changed circumstances, there is a significant likelihood that the alien may be removed in the reasonably foreseeable future. 8 C.F.R. §241.13(i)(2).

### III. Analysis

Petitioner's assertion that he is subject to §1226 is mistaken. Because he has previously been removed from the United States, his current detention is governed by §1231, and that statute does not provide for a bond hearing pending deportation. Further, petitioner has been detained for two

months, and thus his detention is well-within the presumptively reasonable six-month detention period established by Zadvydas v. Davis. 533 U.S. 678 (2001). On its face, petitioner's detention is plainly authorized by statute.

An additional factor needs to be considered. When revoking Martinez's OSUP, ICE stated that the revocation was justified due to changed circumstances making his deportation a significant likelihood in the reasonably foreseeable future. The Court deduces that ICE, by using such language, mistakenly invoked 8 C.F.R. §241.13(i)(2) when notifying petitioner of the revocation of his OSUP.

Aside from the use of that language in the OSUP revocation, the Court finds it extremely unlikely that the OSUP was issued pursuant to 8 C.F.R. §241.13. That is because 1) the OSUP was granted only two days after petitioner was apprehended and 2) petitioner had been removed to El Salvador a mere three months earlier and there is no indication that his removability would have changed during that period.

Accordingly, the Court concludes that the OSUP was granted under §241.4 rather than §241.13 and, under that regulation, ICE could properly revoke petitioner's OSUP to enforce its prior removal order without making a finding that, due to changed circumstances, there is a significant likelihood of petitioner's removal in the reasonably foreseeable future.

## ORDER

For the forgoing reasons, the petition for writ of habeas corpus (Docket No. 1) is **DENIED**.

**So ordered.**

                                         _____
                                         Nathaniel M. Gorton
                                         Senior United States District Judge

Dated: December 23, 2025